28 So.3d 24 (2009)
H.L.B.
v.
STATE of Alabama.
CR-07-1250.
Court of Criminal Appeals of Alabama.
March 20, 2009.
Rehearing Denied April 24, 2009.
Certiorari Denied August 14, 2009.
Alabama Supreme Court 1080991.
Joseph M. Willoughby, Gadsden, for appellant.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
WISE, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WINDOM and KELLUM, JJ., concur.
WELCH, J., dissents, with opinion.
*25 WELCH, Judge, dissenting.
In an unpublished memorandum, the majority affirms H.L.B.'s conviction for first-degree rape by forcible compulsion committed against his nearly 16-year-old daughter. I respectfully dissent. I believe that there is insufficient evidence to convict H.L.B. with first-degree rape under § 13A-6-61(a)(1), Ala.Code 1975, because M.B., the victim and H.L.B.'s daughter, was asleep at the time of the rape. I maintain that there is sufficient evidence to convict H.L.B. of first-degree rape under § 13A-6-61(a)(2), Ala.Code 1975. Section 13A-6-61 provides:
"A person commits the crime of rape in the first degree if:
"(1) He or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion.
"(2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being physically helpless or mentally incapacitated."
"Forcible compulsion" is defined as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." § 13A-6-60(8), Ala. Code 1975. Section 13A-6-60(7) states that "physically helpless" means that "a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act."
Further, the Alabama Supreme Court has stated:
"`There is an element of forcible compulsion, or the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, inherent in the situation in which an adult who is with a child who is younger, smaller, less psychologically and emotionally mature, and less sophisticated than the adult, instructs the child to submit to the performance of sexual acts. This is especially so where the child knows and trusts the adult. In such cases, forcible compulsion... derives from the respective capacities of the child and the adult sufficient to induce the child to submit to the wishes of the adult ... without the use of physical force or violence or the explicit threat of physical force or violence.'
"[Powe v. State,] 597 So.2d [721] at 728 [(Ala.1991) ], quoting Commonwealth v. Rhodes, 510 Pa. 537, 557, 510 A.2d 1217, 1227 (1986).
"In Ex parte J.A.P., 853 So.2d 280 (Ala.2002), the Alabama Supreme Court limited Powe's forcible-compulsion analysis to cases involving the sexual assault of children by adults who exercise positions of domination and control over the children."
R.E.N. v. State, 944 So.2d 981, 984 (Ala. Crim.App.2006).
In this case, M.B. testified that on the night of the incident she went into the bedroom and got into the bed, took her shorts off and was wearing a t-shirt and underwear, and fell asleep.
She also testified that, between 2:30 a.m. and 2:45 a.m., she woke up, and H.L.B., her father, was behind her, pushing her, touching her, and that H.L.B.'s "private part" was inside her. M.B. further stated that she still had her t-shirt and underwear on, but her underwear was pushed over and she was facing the wall away from H.L.B. H.L.B. said, "`I'm sorry.'" (R. 492.) M.B. further testified that she screamed, cried, and ran into the bathroom and sat in the bathroom with the door locked, crying. H.L.B. knocked on the door and said, "`I'm sorry. Come here.'" (R. 496.) M.B. stated that she stayed in *26 the bathroom and after she heard H.L.B. walk away, that she went outside, got into the family's van, and fell asleep in the front seat.
The State presented evidence indicating that M.B. was H.L.B.'s daughter, that M.B. and H.L.B. had a close relationship, and that H.L.B. had had custody of M.B., but was on a visitation schedule at the time of the incident. However, because evidence was presented indicating that at the time H.L.B. placed his penis inside M.B., that M.B. was asleep and unable to resist H.L.B., M.B. was unconscious within the meaning of § 13A-6-60(7). Therefore, M.B. was unable to resist H.L.B. within the meaning of § 13A-6-60(8).
There was no evidence presented indicating that there was an interval of time between the time that M.B. awoke and before she went to the bathroom where she either struggled with or acquiesced to H.L.B. Due to her unconsciousness, M.B. would have been unable to communicate her unwillingness to have sexual intercourse with H.L.B.; therefore, this act was a rape under § 13A-6-61(a)(2) and not (a)(1). This is not a situation where the victim was aware of H.L.B.'s intent to have intercourse and acquiesced because of the parent-child relationship.
Because I believe that there is insufficient evidence to convict H.L.B. of rape under § 13A-6-61(a)(1), Ala.Code 1975, I respectfully dissent.